| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Law Offices of Andy Winchell, P.C.<br>332 Springfield Avenue, Suite 203<br>Summit, New Jersey 07901<br>Telephone No. (973) 457-4710<br>andy@winchlaw.com<br>By: Andy Winchell [AW-6590]<br>Attorney for the Debtors | |
| In Re:<br><br>Jonathan Dale Miele, Sr.<br>Brenda Miele | Case No.: 12-19150 (NLW) |
| Jonathan Dale Miele, Sr.<br>Brenda Miele<br>                    Plaintiff<br><br>            vs.<br><br>Household Finance Corporation III; HSBC Mortgage Services, Inc.; National Bankruptcy Services LLC<br><br>                    Defendants | Adv. Pro. No: |

**COMPLAINT OF THE DEBTORS
FOR DECLARATORY JUDGMENT AND DAMAGES**

**PRELIMINARY STATEMENT**

1.  This is an action brought by the Debtors/Plaintiff (hereinafter the "Debtors" or the "Plaintiff") for a declaratory judgment, injunctive and equitable relief as provided for by Rules 2016(a), 3007, 7001(7) and 7001(9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. This is also an action to determine the status and amount of the Defendant's claim, if any, in this case pursuant to Sections 105(a), 502(b)(1), and 506 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

3. This is also an action to disallow a proof of claim pursuant to sections 105 and 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

4. This is also an action for actual and statutory damages brought by an individual consumer for the Defendant's violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"), and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X.

5. This is also an action for actual and punitive damages brought by an individual consumer for the Defendant's violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

6. This is also an action for breach of contract.

**JURISDICTION**

7. This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and counterclaims to a proof of claim and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law. The Plaintiff consents to entry of a final order to any non-core claim for relief.

8. Jurisdiction of the United States Bankruptcy Court over this matter is provided by 28 U.S.C. §§ 151, 157 and 1334 as amended.

## PARTIES

9. The Debtors are a married couple residing in Flanders, New Jersey. The Debtors filed a petition in bankruptcy under chapter 13 of Title 11 of the United States Code on April 5, 2012.

10. On information and belief, Defendant Household Finance Corporation III ("HFC III") is a corporation organized under the laws of the state of Illinois.

11. On information, Defendant HSBC ("HSBC") is a corporation organized under the laws of the state of New York.

12. On information, Defendant National Bankruptcy Services, LLC ("National Bankruptcy Services") is a corporation organized under the laws of the state of Texas.

## FACTUAL ALLEGATIONS

### The Origination Of The Mortgage Loan And Its Predatory Nature

13. On or about February 23, 2007, the Debtors issued a promissory note (the "Note") to HFC III and granted a mortgage (the "Mortgage") to HFC III on the Debtors' residence to secure a loan in the principal amount of $310,342.58 (the "Mortgage Loan").

14. The Mortgage Loan's total cost appears to be deigned to fall just below the threshold of a "high-cost" loan for the purposes of the New Jersey Home Ownership Security Act.

15. Nevertheless, the Mortgage Loan is still predatory in nature.

16. The Mortgage Loan is a "daily interest" loan that carries an interest rate of over 9%.

17. The initial monthly payment of $2,644.29 represented approximately forty percent of the Debtors' gross income.

3

18.  The Debtors were not in a financial position to make such payments at the time of the origination of the Mortgage Loan.

19.  The Debtors fell behind in their payments within a few months following the origination of the Mortgage Loan.

### The RESPA and TILA Violations

20.  On April 5, 2012, the Debtors transmitted a qualified written request (the "QWR") pursuant to RESPA and TILA to HSBC seeking information about the status of the Mortgage Loan and the identity of its owner.

21.  HSBC failed to acknowledge receipt of the QWR within five business days of receipt thereof.

22.  On or about May 4, 2012, the Debtors received a response to the QWR (the "QWR Response") from HSBC that failed to respond to all of the inquiries contained in the QWR. Notably, the QWR Response failed to identify the owner of the Mortgage Loan and provided incomplete and contradictory information about the amount necessary to pay off the Mortgage Loan.

### The Breach of Contract

23.  Uniform Covenant 2 of the Mortgage provides as follows: "Application of Payments or Proceeds. Except as otherwise described in this Section 2 or as may be required by the Note and/or applicable law, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3."

24.     According to information contained in the QWR Response, the Defendants applied payments received from the Debtors in a manner that violated the provisions of Uniform Covenant 2 of the Mortgage.

25.     Notably, the Defendants kept payments in a "suspense account" for "unapplied funds" when there were sufficient funds to be applied in accordance with Uniform Covenant 2.

26.     The Defendants also charged fees that were not permitted under the documents for the Mortgage Loan.

## The Bankruptcy Case And The Objectionable Proof Of Claim

27.     On April 5, 2012 (the "Petition Date"), the Debtor filed their chapter 13 bankruptcy petition.

28.     On August 6, 2012, the Defendants filed a proof of claim (the "Proof of Claim") in this case.

29.     The Proof of Claim lists HFC III as the real party in interest with respect to the Mortgage Loan but is filed by National Bankruptcy Services under a "Limited Power of Attorney" executed by a Marilyn Alfaro as "Vice President and Assistant Secretary, Administrative Services Division" on behalf of approximately sixty-six different corporations listed in alphabetical order on a page attached to the Limited Power of Attorney.

30.     On information and belief, Ms. Alfaro does not have signing authority for each of the dozens of corporations listed on the Limited Power of Attorney.

5

**First Claim For Relief**
**(Disallowance of Claim)**

31.  The allegations in paragraphs 1 through 30 of this complaint are realleged and incorporated herein by this reference.

32.  The Plaintiff objects to the Proof of Claim on the ground that it is executed by a servicer that does not own the Mortgage Loan and does not have authority pursuant to a valid power of attorney to file the Proof of Claim.

33.  The Plaintiff alleges that as a result thereof that the Defendants have no constitutional standing to file the sworn Proof of Claim, or otherwise to participate in this chapter 13 proceeding.

34.  The Plaintiff further alleges that the Proof of Claim should be disallowed.

**Second Claim For Relief**
**(Disallowance of Claim, Predatory Lending)**

35.  The allegations in paragraphs 1 through 34 of this complaint are realleged and incorporated herein by this reference.

36.  "Predatory lending" under New Jersey law consists of "a mismatch between the needs and capacity of the borrower.... In essence, the loan does not fit the borrower, either because the borrower's underlying needs for the loan are not being met or the terms of the loan are so disadvantageous to that particular borrower that there is little likelihood that the borrower has the capability to repay the loan." Assocs. Home Equity Servs. v. Troup 778 A.2d 529, 537 (N.J. App. Div. 2001).

37.  The Mortgage Loan was never suitable for the needs of the Debtors.

6

38. The Debtors had little likelihood of being able to repay the Mortgage Loan based upon all information available at the time.

39. The Plaintiff alleges that the Proof of Claim should be disallowed or reduced in accordance with applicable state law with respect to predatory lending.

### Third Claim For Relief
### (Violation of the New Jersey Consumer Fraud Act)

40. The allegations in paragraphs 1 through 39 of this complaint are realleged and incorporated herein by this reference.

41. The New Jersey Consumer Fraud Act bans "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid."

42. The definitions of "advertisement" and "merchandise" have been interpreted to include mortgage loans and consumer credit.

43. The Defendants, the Defendants' predecessors in interest, and/or the Defendants' successor in interest engaged in fraudulent commercial practices, deceptive commercial practices, unconscionable commercial practices, false promises, false pretense and/or misrepresentations with respect to the subject Mortgage Loan.

44. Alternatively, or in addition, the Defendants, the Defendants' predecessor in interest, and/or the Defendants' successor in interest engaged in facts of omission, including but

not limited to knowing concealment, suppression and omissions of material facts in connection with the Mortgage Loan.

45. Specifically, the Mortgage Loan was predatory in nature. Predatory lending falls within the scope of activities prohibited by and punishable in accordance with the New Jersey Consumer Fraud Act.

### Fourth Claim For Relief
### (Violations of RESPA and TILA)

46. The allegations in paragraphs 1 through 45 of this complaint are realleged and incorporated herein by this reference.

47. HSBC is the servicer of a "federally related mortgage loan" as that term is defined in Section 2602(1) of Title 12 of the United States Code.

48. The Mortgage Loan is a consumer credit transaction within the meaning of, and subject to, RESPA and TILA.

49. HSBC failed to acknowledge receipt of the QWR within five business days of receipt thereof as required by RESPA.

50. In the QWR Response, HSBC failed to identify the owner of the Mortgage Loan as required by RESPA and TILA.

51. In the QWR Response, HSBC provided incomplete and contradictory information about the amount necessary to pay off the Mortgage Loan.

52. Pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Req. X, the Plaintiff may recover from HSBC statutory damages of $4,000 for each of the TILA violations, statutory damages of $2,000 for each of the RESPA violations, actual

damages, costs and reasonable attorney fees for each failure of Defendant to comply with any part of Section 2605 of Title 12 of the United States Code.

**Fifth Claim For Relief**
**(Breach of Contract)**

53. The allegations in paragraphs 1 through 52 of this complaint are realleged and incorporated herein by this reference.

54. To the extent that the Mortgage Loan constitutes a legally enforceable contract, the Defendants' imposing of improper, unauthorized and unapproved fees and charges to the Plaintiff's mortgage loan account and using a "suspense account" to pay all or a part of the said fees and charges constitute a breach of the terms of the Mortgage Loan.

55. All actions of the Defendants contained in this Complaint were done in bad faith and as such were violations of the covenant of good faith and fair dealing contained and implied in the loan documents.

**WHEREFORE,** the Plaintiff having set forth claims for relief respectfully prays of the Court as follows:

    a. For a declaratory judgment that the Defendants have no enforceable secured or unsecured claim against property of the estate in bankruptcy;

    b. For a declaratory judgment that the sworn Proof of Claim violates the Local Rules of this Court, Rule 3001 of the Bankruptcy Rules, and the official forms and instructions thereto for lack of any supporting documentation;

    c. That the Plaintiff be awarded and recover statutory damages for violations of RESPA, TILA, and the New Jersey Consumer Fraud Act;

   d. That the Plaintiff be awarded and recover actual and punitive damages in an amount to be determined by this Court to the extent permitted by law;

   e. That the Plaintiff have and recover their reasonable legal fees in an amount to be determined by this Court;

   f. That the Plaintiff recover all reasonable costs and expenses in this case in an amount to be determined by this Court;

   g. That the Plaintiff have such other and further relief as to the Court may seem just and proper.

Dated this the 12th day of September, 2012.

/s/ Andy Winchell
Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Plaintiff