**REED SMITH LLP**
*Formed in the State of Delaware*
Barbara K. Hager
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania 19103
Tel: (215) 851-8100
Fax: (215-851-1420
*Attorneys for Defendant BAC Home Loans Servicing*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-2(c) <br><br> In re: <br><br> Robert Lo Sia and <br> Felicitas Lerma Sia, <br><br> Debtors. | Chapter 13 <br><br> Case Number: 10-41873 <br> Judge Novalyn L. Winfield |
| Roberto Lo Sia and <br> Felicitas Lerma Sia, <br><br> Plaintiffs, <br><br> v. <br><br> BAC Home Loans Servicing; Parker McCay, P.A. <br><br> Defendants. | Adversary Number: 11-01436 |

## DEFENDANT'S MOTION IN LIMINE

### PRELIMINARY STATEMENT

Debtors may wish at trial to introduce evidence and testimony concerning the authenticity of the endorsement on the promissory note, Exhibits I and J to their Motion for Summary Judgment ("Motion") and whether the Debtors received notice of the transfer of the note – three matters raised in their Motion that, as discussed in Defendant's Opposition to Debtors' Motion

for Summary Judgment ("Opposition"), are irrelevant to the claims brought in their Complaint, do not aid the trier of fact and can only lead to confusion. Additionally, Debtors failed in drafting that Motion to include their own statement of uncontested facts. In the foregoing Motion in Limine, Defendant, for reasons discussed more fully herein, requests that the Court bar any evidence or testimony concerning the endorsement on the promissory note, rule that Debtors' exhibits I and J are inadmissible and bar any evidence or testimony concerning whether the Debtors' received notice of the transfer of the note. Additionally, for reasons also discussed more fully herein, Defendant, in light of Debtors' failure to offer their own statement of uncontested facts, requests that the Court accept Defendant's Statement of Uncontested Facts included in its Motion for Summary Judgment.

## STATEMENT OF FACTS

Defendant incorporates herein its Statement of Uncontested Facts included in its Motion for Summary Judgment.

## LEGAL ARGUMENT

## POINT I

### THE DEBTORS DID NOT SUBMIT A STATEMENT OF UNCONTESTED FACTS WITH THEIR MOTION FOR SUMMARY JUDGMENT AND THE COURT SHOULD THEREFORE ACCEPT DEFENDANT'S STATEMENT OF UNCONTESTED FACTS

In their Motion for Summary Judgment, Debtors failed to include their own statement of uncontested facts. Fed. R. Civ. Pro. 56(e) states that: If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court" may consider the fact undisputed for purposes of the motion." FRCP 56(e)(2).

Numerous federal courts dealing with this issue have interpreted the Rule to permit a Court to do what precisely what Defendant is asking this Court to do in the wake of Debtors' failure – accept its own statement of uncontested facts submitted in Defendant's Motion for

Summary Judgment. *See LOL Finance Co. v. Paul Johnson & Sons Cattle Co., Inc.*, 758 F.Supp.2d 871 (D.Neb. 2010). Indeed, if the party opposing a summary judgment motion fails to comply with the rule requiring a separate statement of genuine issues of material fact, the district court is under no obligation to sift through the record and should instead deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's statement. *Qatar Nat. Bank v. Winmar, Inc.*, 650 F.Supp.2d 1 (D.D.C. 2009); *see also Feliciano v. Diaz*, 641 F.Supp.2d 120 (D.Puerto Rico 2009) (where plaintiffs in a medical malpractice action failed to deny, affirm, or qualify defendants' statement of uncontested facts, the facts therein were deemed admitted for purposes of application of rule governing motions for summary judgment).

Given these clear precedents, the Court should grant Defendant's Motion and accept its Statement of Uncontested Facts included in its Motion for Summary Judgment.

## POINT II

### EVIDENCE OF AN INAUTHENTIC OR FRAUDULENT ENDORSEMENT OF THE NOTE IS UNSUPPORTED BY THE RECORD AND SHOULD BE BARRED

As discussed in the Opposition, Debtor's Motion fails to include citations to the record and relies, instead, on purported "facts" drawn from the imagination of Debtors' counsel based on hearsay "reports" alone. Perhaps the best (or worst) case of this exists in the form of counsel's assertion in Debtors' Motion for Summary Judgment that "Plaintiff is not convinced about the authenticity of the indorsement of the Note. Reports of fraudulent indorsements on Countrywide-originated notes, particularly when they carry the signature of David Spector, are extremely common." *See* Debtors' Motion, p. 9, fn. 3. Neither opposing counsel's inkling that the note's endorsement is inauthentic nor his proffered hearsay "reports" of fraudulently endorsement promissory notes amount to relevant, admissible evidence that would assist the trier of fact. Because any "evidence" of a fraudulent endorsement of the note in this case is based on

- 3 -

such self-serving characterizations, hearsay or a combination of the two, it should be barred and Defendant's instant Motion in Limine should be granted.

## POINT III

### EXHIBITS I AND J TO DEBTORS' MOTION FOR SUMMARY JUDGMENT ARE HEARSAY DOCUMENTS AND SHOULD THEREFORE BE BARRED

Exhibits I and J to Debtors' Motion, consisting of a purported report by the permanent editorial board of the Uniform Commercial Code ("UCC") and a sample signed Deed of Trust, respectively, were not provided to Defendant during the discovery period in this case. For that reason alone, Debtors should be barred from seeking to introduce them at trial. They should be barred for the additional reasons that they are unauthenticated and unreliable. As such, they cannot possible assist the trier of fact and can only lead to confusion. For all of these reasons, Exhibits I and J should be barred and Defendant's Motion in limine should be granted.

## POINT IV

### THE QUESTION OF WHETHER DEBTORS' RECEIVED NOTICE OF THE TRANSFER OF THE NOTE IS IRRELEVANT AND SUCH TESTIMONY OR EVIDENCE SHOULD BE BARRED

The Debtors in their Motion for Summary Judgment complained (notably, for the first time in these proceedings) that Defendant violated section 1641(g) of TILA by failing to notify them of a transfer of the Note. To date, Debtors have not put forth any evidence for the record that they did not receive this notice. Although Debtors' counsel would like to supplement the Debtors' meritless claims with this new, add-on allegation, there is still no evidence of record (not even an affidavit by the Debtors) for such a charge. Not unlike the alleged "inauthentic endorsement of the note" accusation, this allegation springs entirely from the mind of counsel. Therefore, any discussion of 1641(g) of TILA should be barred from trial.

Notably, even if this manufactured issue had been previously raised and supported by evidence of record, this claim would still fail as a matter of law. The section to which counsel

refers was not enacted until May 20, 2009, some four years after the Note was transferred in 2005. *See* Hardy Aff'd at ¶ 13. Second, Section 1641(g) provides that the lender, not the servicer, must notify the borrower of any change in ownership of the Note. Thus, Defendant, as Debtors' loan servicer, would be the inappropriate party to sue for violation of this statute, even if it had been enacted at the time of the instant transfer.

This allegation is entirely irrelevant to the matter before the court and, for the reasons discussed above, any evidence or testimony concerning notice of transfer of the note should be barred at trial.

## **CONCLUSION**

As addressed above, Defendant's Motion in Limine must be granted.


Dated:  December 7, 2012

                                                      **REED SMITH LLP**

                                          s/ Barbara K. Hager, Esq.
                                         Barbara K. Hager, Esquire
                                         *Attorneys for Defendant BAC*
                                         *Home Loans Servicing*