| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Law Offices of Andy Winchell, P.C.<br>332 Springfield Avenue, Suite 203<br>Summit, New Jersey 07901<br>Telephone No. (973) 457-4710<br>andy@winchlaw.com<br>By: Andy Winchell [AW-6590]<br>Attorney for the Debtors | |
| In Re:<br><br>Roberto Lo Sia<br>Felicitas Lerma Sia<br><br>　　　　　　　Debtors | Case No.: 10-41873 (NLW)<br>Chapter: 13<br>Judge: Hon. Novalyn L. Winfield |
| Roberto Lo Sia<br>Felicitas Lerma Sia<br>　　　　　　　Plaintiff<br><br>　　　vs.<br><br>BAC Home Loans Servicing<br><br>　　　　　　　Defendant | Adv. Pro. No: 11-01436<br><br>Hearing Date: December 17, 2012<br>Hearing Time: 2:00 p.m. |

**PLAINTIFF'S MOTION TO STRIKE MOTIONS IN LIMINE**

Roberto Lo Sia and Felicitas Lerma Sia, the Plaintiff herein (the "Debtors" or "Plaintiff"), hereby move pursuant to Rules 103 of the Federal Rules of Evidence, Rules 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1 of the Local Rules of the United States Bankruptcy District of New Jersey to strike both of the Defendant's Motions in Limine,

docket numbers 48 and 49. (the "Motions in Limine"). The Plaintiff moves to strike the Motions in Limine because they are untimely attempts to raise arguments that should have been raised in the Defendant's Response to Motion For Summary Judgment ("Response") filed on November 13, 2012 (the "Response Date"). Rather than raise such issues timely, the Defendant waited an additional twenty-four days to raise these issues and filed the Motions in Limine on the last business day before the Court has indicated reply papers are due. Thus the Plaintiff does not have a reasonable time to respond to the new points that the Defendant raises.

All of the documents and all of the points that the Defendant wishes to contest were on file with the Court no later than October 26, 2012 -- nearly six weeks ago and nearly three weeks before the Response Date. The Defendant is represented by one of the largest law firms in the world. The Defendant had ample time to make its various points in the Response. The only piece of information addressed in either of the Motions in Limine that was not available to the Defendant in October was the number of times that the Plaintiff's expert witness has been certified as an expert. Otherwise, every other fact, statement, document, and argument of which the Defendant complains has been known since October and could have been addressed in the Defendant's Response on November 13, 2012. By inexplicably waiting three more weeks and filing the Motions in Limine on the last business day before reply papers are due, the Defendant deprived the Plaintiff of an appropriate period in which to respond.

WHEREFORE the Plaintiff requests that the Court strike the Motions in Limine.

Dated this the 10th day of December, 2012.

/s/ Andy Winchell
Law Offices of Andy Winchell P.C.
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Plaintiff